# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID KENNEDY<br>1725 Memorial Avenue<br>Philadelphia, PA 19104 | CIVIL ACTION |
| Plaintiff, | No.:_____ |
| v. | |
| TRIPLE CANOPY, INC.<br>13530 Dulles Tech Drive #500<br>Herndon, VA 20171<br>and<br>CONSTELLIS HOLDINGS, INC.<br>d/b/a CONSTELLIS<br>13530 Dulles Tech Drive #500<br>Herndon, VA 20171 | **JURY TRIAL DEMANDED** |
| Defendants. | |

## CIVIL ACTION COMPLAINT

David Kennedy (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.  Plaintiff has initiated this action to redress violations by Triple Canopy, Inc. and Constellis Holdings, Inc. d/b/a Constellis (*hereinafter* referred to as "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1]  As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under Title VII are referenced herein for notice purposes.   Plaintiff has filed discrimination and retaliation claims under Title VII with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff intends

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where it is subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

**PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Triple Canopy, Inc. is a private security company that provides security and other services to corporate, government and nonprofit clients throughout the United States, including in Philadelphia, Pennsylvania, where Plaintiff primarily worked.

---

to amend his complaint to include claims pending before the EEOC once such claims are fully and administratively exhausted. Plaintiff further intends to amend his complaint to include claims under the PHRA and PFPO once those claims are administratively exhausted, and they will mirror his claims under Title VII.

8. Defendant Constellis Holdings, Inc. d/b/a Constellis is a privately-held defense and security company, which previously merged with Defendant Triple Canopy, Inc. and provides similar security related services for clients throughout the United States, including in Philadelphia, Pennsylvania, where Plaintiff primarily worked.

9. Defendant Triple Canopy, Inc. and Defendant Constellis Holdings, Inc. d/b/a Constellis share a common business/principal office address at the above captioned address, a common mailing address at the above captioned address, and share and have interrelation of operations, management, and employees.

10. Because of their interrelation of operations or management, centralized control and sharing of labor, commingling of funds, common ownership or management, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a black (African-American) male.

14. Plaintiff was hired by Defendants in or about March of 2020 as a Lieutenant Supervisor, overseeing Defendants' Security Officers.

15. While Defendants are headquartered in Virginia, Plaintiff was considered a "rover," working between several of Defendants' clients in the Philadelphia, Pennsylvania metropolitan area.

16. During his employment, Plaintiff was primarily supervised by Captain Joseph Bohrer (Caucasian – *hereinafter* "Bohrer").

17. The large majority of Defendants' upper management in the Philadelphia metropolitan area are almost entirely Caucasian and/or non-black.

18. Based on Plaintiff's observations and belief, African-American employees were often treated differently and less favorably than Caucasian employees by Caucasian upper management.

19. Indeed, Plaintiff and other African-American employees were also subjected to hostility and animosity through racially-discriminatory and disparate treatment.[2]

20. By way of example, but not intended to be an exhaustive list:

   a. Policies were selectively enforced against African-American employees;

   b. African-American employees were treated less favorably than Caucasian and/or non-black employees with regard to building assignments and treatment by management;

   c. Plaintiff and other African-American employees were treated in a derogatory and demeaning way and regularly talked down to;

---

[2] Several years prior to Plaintiff's employment with Defendants, he worked as an Investigator for the Pennsylvania Human Relations Commission ("PHRC"); as a result, Plaintiff is able to easily recognize discrimination, disparate treatment, and retaliation in its many forms.

    d. African-American employees were subjected to unfair discipline and termination, unlike their Caucasian and/or non-black co-workers for the same or similar infractions; and

    e. Unlike their Caucasian and/or non-black co-workers, Plaintiff and other African-American employees were not given progressive discipline, but instead, were regularly terminated for first offenses.

21. Plaintiff objected/complained to management on multiple occasions refusing to issue unfair discipline to black employees for infractions for which Caucasian and/or non-black employees were not disciplined.

22. Plaintiff was then abruptly terminated in or about January of 2021, for "post abandonment" – completing administrative work (i.e., disciplinary reports, maintenance reports, etc.) at home instead of at the job site.

23. Defendants' aforesaid purported reason for Plaintiff's termination – "post abandonment," however, is completely pretextual because (1) there was no real place to perform administrative work (for which Plaintiff needed a computer and/or printer) in his car; (2) several Caucasian and/or non-black members of management and employees regularly completed their administrative work at home and, upon information and belief, were not terminated or even disciplined for same; and (3) Plaintiff was terminated in close proximity to his concerns of/objections to the unfair and disparate treatment of African-American employees.

24. Furthermore, upon information and belief, unlike Caucasian and/or non-black employees, Defendants had a pattern and practice of unfairly terminating black employees for petty and/or minor infractions under the guise of "post abandonment."

25. For example, Plaintiff discovered after his discriminatory and unlawful termination that another African-American Lieutenant Supervisor, Lieutenant Mack had also been terminated for the same "post abandonment" reason, leaving only one remaining African-American Lieutenant Supervisor at that location.

26. Therefore, Plaintiff believes and avers that he was subjected to a hostile work environment and terminated because of his race and his objections to/complaints of race discrimination.

## COUNT I
### Violations of 42 U.S.C. Section 1981
### ([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)
### -Against Both Defendants-

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. During Plaintiff's employment with Defendants, he was subjected to discrimination, retaliation, and a hostile work environment through disparate treatment as outlined *supra* because of his race.

29. Plaintiff objected to the aforementioned instances of race discrimination and disparate treatment by Defendants' management but, his concerns were ignored, and Defendants' management continued to subject Plaintiff and other African-American employees to hostility, animosity, and disparate treatment because of their race.

30. Plaintiff was then terminated for completely pretextual reasons in or about January of 2021.

31. Therefore, Plaintiff believes and avers that he was subjected to a hostile work environment and terminated because of his race and hie objections to/complaints of race discrimination.

32. These actions as aforesaid constitute violations of Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 31, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| David Kennedy | : | CIVIL ACTION |
| v. | : | |
| Triple Canopy, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 1/31/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1725 Memorial Avenue, Philadelphia, PA 19104__

Address of Defendant: __13530 Dulles Tech Drive, #500, Herndon, VA 20171__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/31/2022__   _____(signature)_____   ARK2484 / 91538
                       *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __1/31/2022__   _____(signature)_____   ARK2484 / 91538
                       *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KENNEDY, DAVID

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
TRIPLE CANOPY, INC., ET AL.

County of Residence of First Listed Defendant: Fairfax
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT

**CIVIL RIGHTS**
- [X] 442 Employment

## V. ORIGIN
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 1/31/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE